

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

GERALD C. MANN
XXXWILLXWILSON
ATTORNEY GENERAL

Honorable Lon E. Alsup, Chairman
House Conference Committee for H. B. No. 284
Austin, Texas

Dear Sir:

Opinion No. O-3541
Re: Payment of all administrative
costs of the State Department
of Education out of the Avail-
able School Fund.

We received your letter dated May 15, 1941, which is self explan-
atory and reads, in part, as follows:

"...

"Please advise if the administrative cost of all divisions
of the State Department of Education may be paid from the
Available School Fund. Please advise further if in your
opinion we should be prohibited from paying the administrative
cost out of the entire fund. Is it possible to pay such admin-
istrative cost out of such funds which go to the Available
School Fund which are not specifically authorized by the
Constitution of this State?

"..."

Section 3 of Article VII of the Constitution of Texas reads, in
part, as follows:

"One-fourth of the revenue derived from the State occupation
taxes and poll tax of one dollar on every inhabitant of the
State, between the ages of twenty-one and sixty years, shall
be set apart annually for the benefit of the public free
schools; and in addition thereto, there shall be levied and
collected an annual ad valorem State tax of such an amount
not to exceed thirty-five cents on the one hundred ($100.00)
dollars valuation, as with the available school fund arising
from all other sources, will be sufficient to maintain and
support the public schools of this state for a period of not
less than six months in each year, and it shall be the duty
of the State Board of Education to set aside a sufficient a-
mount out of the said tax to provide free text books for the
use of children attending the public free schools of this
State; provided, however, that should the limit of taxation

herein named be insufficient the deficit may be met by
appropriation from the general funds of the State. . ."
(Emphasis ours).

Section 5 of Article VII of the Constitution of Texas reads as
follows:

"The principal of all bonds and other funds, and the
principal arising from the sale of the lands hereinbe-
fore set apart to said school fund, shall be the per-
manent school fund, and all the interest derivable
therefrom and the taxes herein authorized and levied
shall be the available school fund, to which the Leg-
islature may add not exceeding one percent annually of
the total value of the permanent school fund, such
value to be ascertained by the Board of Education until
otherwise provided by law, and the available school
fund shall be applied annually to the support of the
public free schools. And no law shall ever be enacted
appropriating any part of the permanent or available
school fund to any other purpose whatever; nor shall
the same, or any part thereof ever be appropriated to
or used for the support of any sectarian school; and
the available school fund herein provided shall be
distributed to the several counties according to their
scholastic population and applied in such manner as may
be provided by law. (Sec. 5, Art. 7, adopted election
August 11, 1891; proclamation September 22, 1891.)"
(Underscoring ours).

The available school fund consists of (1) the income derived
from the permanent school fund; (2) one-fourth of the revenue
derived from occupation taxes; (3) one dollar of the revenue derived
from the poll tax; (4) revenue derived from the State ad valorem
school tax and (5) other funds provided by the Legislature to make
up a deficiency in said available school fund. This fund, consisting
of the sources of revenue enumerated above, is specifically provided
for in the above enumerated Sections of the Constitution. See Webb
County v. Board of School Trustees of Laredo (Supreme Court) , 65 S.W.
878 and Mumme v. Marrs (Supreme Court) 40 S. W. (2) 31.

Section 5 of Article VII of the Constitution requires that the
available school fund, as provided for in the Constitution, shall be
distributed to the several counties of the State according to their
scholastic population. Any disposition of the available school fund
contrary to the mandate of this Constitutional provision would be void.
Love v. City of Dallas (Supreme Court) 40 S. W. (2) 20. The Consti-
tution having provided that the money in the available school fund
shall be distributed to the several counties, it follows that it can-
not be distributed or appropriated elsewhere. Since the Constitution

provides that the money in said fund shall be distributed according to scholastic population, it follows that the money in said fund cannot be apportioned or distributed on any other basis.

It is our opinion that the administrative costs of all divisions of the State Department of Education cannot be paid from the State available school fund as heretofore described.

Your second inquiry raises the question of whether or not such administrative costs can be paid out of funds which go to the State available school fund and which are not specifically required by the Constitution to be placed therein. We assume that there are such funds in the State available school fund which were derived from some source other than as provided for and required by Sections 3 and 5 of Article VII of the Constitution. Based upon the facts we now have, we are unable to say whether or not any such funds can be appropriated from the available school fund for the purposes mentioned in your letter. We surmise that an audit and a study thereof would be necessary before a definite opinion on this question could be rendered. We do say, however, that the Constitution does not require that any different or additional revenue be allocated to the State available school fund other than as provided in Sections 3 and 5 of Article VII thereof. Hence, if there are any general statutes allocating money to the State available school fund and not so required by the Constitution, the Legislature can amend those statutes so as to allocate future revenues therefrom for the purposes mentioned in your letter.

What we have said herein has no application to the provision of Section 3 of Article VII pertaining to free text books.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Lee Shoptaw
Lee Shoptaw
Assistant

LS:mp:wc

APPROVED MAY 23, 1941
 s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By BWB Chairman